IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CHANSE DOUGLAS ALLEN** | )<br>)<br>)  CIVIL ACTION NO. |
| Plaintiff, | ) |
| v. | )<br>) |
| **TRANS UNION, LLC**<br>and<br>**EXPERIAN INFORMATION SOLUTIONS, INC.** | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**COMPLAINT**
**PRELIMINARY STATEMENT**

1. This is an action for damages brought by individual consumers against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA") 15 U.S.C §§ 1681 *et seq* as amended.

**JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

**PARTIES**

4. Plaintiff Chanse Douglas Allen is an adult individual who resides in the State of Texas.

5. Defendant Trans Union, LLC ("Trans Union") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

1

6.  Defendant Experian Information Solutions, Inc. (hereafter "Experian") is a consumer reporting agency that regularly conducts business in the Eastern District of Pennsylvania and that has a principal place of business located at 475 Anton Blvd, Costa Mesa, CA 92626.

## FACTUAL ALLEGATIONS

8.  Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties from at least July 2025 to the present.

9.  The inaccurate information on Plaintiff's credit reports includes, but is not limited to, accounts with Dept of Ed/Aidv, SYNCB/Car Care Disc Tire, Canyon Fincl of Boise, Cornerstone/Dept of Ed, Pinata Rent, Preferred Credit, Tab/Sunbit, Western Finance, Capital One, United Revenue, Verizon Wireless, Affirm, Alliance Credit Union, Preferred Credit, inquiries, and personal identifying information (hereafter the "inaccurate information").

10. The inaccurate information negatively reflects upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

11. The inaccurate information consists of inaccurate statements and personal information that does not belong to the Plaintiff, and that actually belongs to his brother.

12. Due to Defendants' faulty procedures, Defendants mixed the credit file of Plaintiff's with his brother's.

13. Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown from at least July 2025 to the present.

14. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown. Plaintiff's credit reports have been obtained from Defendants by such third parties from at least March 2024 to the present.

15. Plaintiff has disputed the inaccurate information with Defendants by following Defendants' established procedures for disputing consumer credit information.

16. Plaintiff has disputed the inaccurate information with Defendants from at least March 2024 through the present.

17. Notwithstanding Plaintiff's efforts, Defendants have sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Defendants have repeatedly published and disseminated consumer reports to such third parties from at least March 2024 through the present.

18. Despite Plaintiff's efforts, Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted all third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and/or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

19. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit defamation and emotional distress, including anxiety, frustration, embarrassment, and humiliation.

20. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

21. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – TRANS UNION AND EXPERIAN VIOLATIONS OF THE FCRA

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, Defendants were "persons" and "consumer reporting agencies" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and 1681i.

27. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to Plaintiff for the full amount of statutory, actual, and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**JURY TRIAL DEMAND**

28.  Plaintiff demands trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   */s/ Mark D. Mailman*
Mark D. Mailman, Esquire
Siobhán McGreal, Esquire
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Telephone: (215) 735-8600
mmailman@consumerlawfirm.com
smcgreal@consumerlawfirm.com

Dated: December 17, 2025         *Attorneys for Plaintiff*